UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
CASE NO.:

Maria L. Velasquez
and other similarly situated individuals,

    Plaintiff(s),

v.

Super Choice Foods, Inc.
and Jimand Zaed, individually,

    Defendants,

_____/

## COLLECTIVE ACTION COMPLAINT
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff Maria L. Velasquez, and other similarly situated individuals, by and through the undersigned counsel, and hereby sue Defendants Super Choice Foods, Inc., and Jimand Zaed, individually, and alleges:

### Jurisdiction Venues and Parties

1. This is an action to recover money damages for unpaid overtime wages under the United States' laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Maria L. Velasquez is a resident of Polk County, Florida within this Honorable Court jurisdiction, and is otherwise sui juris. Plaintiff is a covered employee for purposes of the Act.

3. Defendant Super Choice Foods, Inc. (from now on Super Choice Foods, or Defendant) is a Florida corporation, having a place of business in Polk County, Florida, where Plaintiff worked for Defendant. The Defendant is engaged in interstate commerce.

4. The individual, Defendant Jimand Zaed, was and is now the owner/partner/officer and manager of Defendant Corporation Super Choice Foods. This individual Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].

5. All the actions raised in this complaint took place in Polk County, Florida, within this Court's jurisdiction.

## General Allegations

6. This cause of action is brought by Plaintiff Maria L. Velasquez as a collective action to recover from the Defendants overtime compensation, retaliatory damages, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and

former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after October 2019, (the "material time") without being adequately compensated.

7. Defendant Super Choice Foods was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A). Defendant is a supermarket. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering products and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

8. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff was a supermarket employee. Plaintiff handled and worked with goods and materials that were moved in interstate commerce at any time during the business. Therefore, there is individual coverage.

9. Defendant Super Choice Foods is a supermarket located at 610 W Memorial Blvd., Lakeland, FL 33815, where Plaintiff worked.

10. Defendants Super Choice Foods and Jimand Zaed employed Plaintiff Maria L. Velasquez as a non-exempted, full-time, hourly supermarket employee from approximately March 15, 2006, to June 27, 2023, or more than 17 years. However, for FLSA purposes, Plaintiff's relevant period of employment is 74 weeks. (Previous to 2022, Plaintiff was paid for O/T hours).

11. During the relevant time period, Plaintiff worked at the supermarket as a lead employee in the meat department. Plaintiff's primary duty was the performance of manual, non-exempted, general work in the meat department. Plaintiff had multiple regular responsibilities, including some clerical duties such as producing schedules following instructions from her manager.

12. During the relevant period, Plaintiff had a wage rate of $13.00 an hour.

13. Plaintiff worked under the supervision of the business owner, Jimand Zaed.

14. Plaintiff worked 6 days per week, from Monday to Saturday, from 6:00 AM to 2:00 PM (8 hours daily), or a total of 48 hours weekly. Plaintiff was paid for all her hours but at her regular rate.

15. Plaintiff was not able to take bonafide lunchtime, she ate while working.

16. Plaintiff worked in excess of 40 hours, but she was not paid for overtime hours as required by law.

17. Plaintiff punched a time card in and out, and Defendants were able to track the hours worked by Plaintiff and other similarly situated employees. Plaintiff worked under the supervision of the owner of the business Jimand Zaed, and he knew about the number of hours worked by Plaintiff.

18. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half her regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

19. Plaintiff was paid weekly without paystubs providing accurate information about the number of days and the actual number of hours worked, etc.

20. Plaintiff disagreed with her low wage rate and the lack of payment for overtime hours, and she complained verbally to the owner of the business Jimand Zaed many times. Defendant Jimand Zaed promised that he would fix the problem soon.

21. On or about June 27, 2023, Plaintiff complained again to Defendant Jimand Zaed. This time Jimand Zaed told Plaintiff: "I told you that I am going to pay you", and sent Plaintiff home. Later Jimand Zaed called Plaintiff and told her: "Never came back, you are fired".

22. Plaintiff Maria L. Velasquez intends to recover overtime payment, for every hour over 40 weekly, during her entire relevant period of employment with Defendants, retaliatory damages, liquidated damages, and any other relief as allowable by law.

23. At times mentioned, individual Defendant Jimand Zaed was, and is now, the owner/partner/manager of Super Choice Foods. Defendant Jimand Zaed was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. This individual Defendant acted directly in Super Choice Foods' interests concerning its employees, including Plaintiff and others similarly situated. Defendant Jimand Zaed had financial and operational control of the business and determined Plaintiff's terms and conditions of employment. Accordingly, he is jointly and severally liable for Plaintiff's damages.

## Collective Action Allegations

24. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

25. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for overtime hours worked at the rate of time and one-half their regular rate.

26. This action is intended to include any supermarket employee and any similarly situated individuals who worked for Defendants at any time during the past three (3) years.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION; FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

27. Plaintiff Maria L. Velasquez re-adopts every factual allegation stated in paragraphs 1-26 above as if set out in full herein.

28. Defendant Super Choice Foods is a supermarket located at 610 W Memorial Blvd., Lakeland, FL 33815, where Plaintiff worked.

29. Defendants Super Choice Foods and Jimand Zaed employed Plaintiff Maria L. Velasquez as a non-exempted, full-time, hourly supermarket employee from approximately March 15, 2006, to June 27, 2023, or more than 17 years. However, for FLSA purposes, Plaintiff's relevant period of employment is 74 weeks. (Previous to 2022, Plaintiff was paid for O/T hours.

30. During the relevant time period, Plaintiff worked at the supermarket as a lead employee in the meat department. Plaintiff's primary duty was the performance of manual, non-exempted, general work in the meat department. Plaintiff had multiple regular responsibilities, including some clerical duties such as producing schedules following instructions from her manager.

31. During the relevant period, Plaintiff had a wage rate of $13.00 an hour.

32. Plaintiff worked under the supervision of the business owner, Jimand Zaed.

33. Plaintiff worked 6 days per week, from Monday to Saturday, a total of 48 hours weekly. Plaintiff was paid for all her hours but at her regular rate.

34. Plaintiff was not able to take bonafide lunchtime, she ate while working.

35. Plaintiff worked in excess of 40 hours, but she was not paid for overtime hours as required by law.

36. Plaintiff punched a time card in and out, and Defendants were able to track the hours worked by Plaintiff and other similarly situated employees.

37. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half her regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

38. Plaintiff was paid weekly without paystubs providing information about the number of days and the actual number of hours worked, etc.

39. Plaintiff was fired on or about June 27, 2023, because she was complaining about unpaid overtime hours.

40. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendants. However,

Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief.

41. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

42. Plaintiff is not in possession of time and payment records, but she will provide a reasonable good-faith estimate based on her recollections and to the best of her knowledge. After discovery, Plaintiff will amend her statement of claim accordingly.

   a. <u>Total amount of alleged unpaid O/T wages</u>:

   Three Thousand Eight Hundred Forty-Eight Dollars and 00/100 ($3,848.00)

   b. <u>Calculation of such wages</u>:

   Total period of employment: more than 17 years
   Relevant weeks of employment: 74 weeks
   Total hours worked: 48 hours weekly
   Total unpaid O/T hours: 8 O/T hours
   Regular rate: $13.00 an hour x 1.5=$19.50 O/T rate
   O/T rate: $19.50-$13.00 O/T rate paid=$6.50 difference
   Half-time: $6.50 an O/T hour

   $6.50 x 8 O/T hours=$52.00 weekly x 74 weeks=$3,848.00

   c. <u>Nature of wages (e.g., overtime or straight time)</u>:

   This amount represents unpaid overtime wages.[1]

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates her damages and reserves the right to amend the calculations.

43. At all times material hereto, the Employers/Defendants failed to comply with Title 29 USC §207 (a) (1). In that Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, the Defendants made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

44. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

45. Defendants Super Choice Foods and Jimand Zaed willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half her regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

46. Plaintiff Maria L. Velasquez has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorney's fee.

## Prayer for Relief

Wherefore, Plaintiff Maria L. Velasquez and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Maria L. Velasquez and other similarly situated individuals and against the Defendants Super Choice Foods and Jimand Zaed based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Maria L. Velasquez actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## Demand for a Jury Trial

Plaintiff Maria L. Velasquez demands a trial by a jury of all issues triable as of right by a jury.

## COUNT III:
## FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE; PURSUANT TO 29 USC 215(a)(3); AGAINST ALL DEFENDANTS

47. Plaintiff Maria L. Velasquez re-adopts every factual allegation stated in paragraphs 1-26 of this Complaint as if set out in full herein.

48. Defendant Super Choice Foods was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A).

49. By reason of the foregoing, Defendants' business activities involve those to which the Fair Labor Standards Act applies.

50. 29 USC § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

51. Likewise, 29 USC 215(a)(3) states… it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,……"

52. Defendants Super Choice Foods and Jimand Zaed employed Plaintiff Maria L. Velasquez as a non-exempted, full-time, hourly supermarket employee from approximately March 15, 2006, to June 27, 2023, or more than 17 years. However, for FLSA purposes, Plaintiff's relevant period of employment is 74 weeks. (Previous to 2022, Plaintiff was paid for O/T hours.

53. During the relevant time period, Plaintiff worked at the supermarket as a lead employee in the meat department.

54. During the relevant period, Plaintiff had a wage rate of $13.00 an hour.

55. Plaintiff worked 6 days per week, from Monday to Saturday, a total of 48 hours weekly. Plaintiff was paid for all her hours but at her regular rate.

56. Plaintiff was not able to take bonafide lunchtime, she ate while working.

57. Plaintiff worked in excess of 40 hours, but she was not paid for overtime hours as required by law.

58. Plaintiff punched a time card in and out, and Defendants were able to track the hours worked by Plaintiff and other similarly situated employees.

59. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half her regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

60. Plaintiff was paid weekly without paystubs providing information about the number of days and the actual number of hours worked, etc.

61. Plaintiff disagreed with her low wage rate and the lack of payment for overtime hours, and she complained verbally to the owner of the business Jimand Zaed many times. Defendant Jimand Zaed promised that he would fix the problem soon.

62. This Complaint constituted protected activity under the FLSA.

63. On or about June 27, 2023, Plaintiff complained again to Defendant Jimand Zaed. This time Jimand Zaed told Plaintiff: "I told you that I am going to pay you", and sent Plaintiff home. Later Jimand Zaed called Plaintiff and told her: "Never came back, you are fired".

64. At the time of her termination, Plaintiff was performing the essential functions of her position satisfactorily. There was no other reason than retaliation to fire her.

65. There is close proximity between Plaintiff's protected activity and her termination.

66. The motivating factor which caused Plaintiff's discharge as described above was her complaint seeking unpaid overtime wages from Defendants. In other words, Plaintiff would not have been fired but for her complaints about unpaid regular and overtime wages.

67. The Defendants' termination of Plaintiff was in direct violation of 29 USC 215 (a)(3) and, as a direct result, Plaintiff has been damaged.

68. Plaintiff Maria L. Velasquez has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorney's fees.

## Prayer For Relief

Wherefore, Plaintiff Maria L. Velasquez respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants Super Choice Foods and Jimand Zaed that Plaintiff Maria L. Velasquez recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 USC § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants Super Choice Foods and Jimand Zaed to make whole the Plaintiff by providing appropriate back pay and other benefits

wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff Maria L. Velasquez further prays for such additional relief as the interests of justice may require.

## Demand for a Jury Trial

Plaintiff Maria L. Velasquez demands a trial by a jury of all issues triable as a right by a jury.

Dated: June 30, 2023

                        Respectfully submitted,

                        By: **/s/ Zandro E. Palma**
                        ZANDRO E. PALMA, P.A.
                        Florida Bar No.: 0024031
                        9100 S. Dadeland Blvd.
                        Suite 1500
                        Miami, FL 33156
                        Telephone:   (305) 446-1500
                        Facsimile:   (305) 446-1502
                        zep@thepalmalawgroup.com
                        *Attorney for Plaintiff*